**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CONNIE Y. TCHENG (SBN 228171)
ctcheng@dollamir.com
LLOYD VU (SBN 248717)
lvu@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel:  310.557.9100
Fax: 310.557.9101

Attorneys for Defendant,
HP INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS HICKS, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Case No.<br><br>**DEFENDANT HP INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY AND CAFA REMOVAL)**<br><br>[*Table of Contents of Exhibits filed concurrently herewith*]<br><br>[Santa Clara County Superior Court Case No. 17CV317178]<br><br>Complaint Filed:   10/11/2017<br>Trial Date:        TBA |

DOLL AMIR & ELEY LLP

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2    **THE NORTHERN DISTRICT OF CALIFORNIA:**

3        **PLEASE TAKE NOTICE** that Defendant HP Inc. (hereinafter "HP"), hereby

4    removes to this Court the action originally commenced in the Superior Court of

5    California for the County of Santa Clara, entitled *Hicks v. HP Inc.*, Case No.

6    17CV317178 ("State Court Action").  This removal is made pursuant to 28 U.S.C.

7    sections 1332, 1441, 1446, and 1453.

8    **STATEMENT OF THE CASE**

9        1.    On October 11, 2017, Plaintiff Louis Hicks commenced State Court

10   Action.

11       2.    Plaintiff has brought this action as a putative class action purportedly on

12   behalf of "all persons, natural or otherwise, who, while residing in California,

13   purchased a Purported USB 3.1 Laptop."  (Complaint, ¶ 51.)

14       3.    As explained below, this Court has original jurisdiction over this action

15   pursuant to 28 U.S.C. section 1332(d) based upon the diversity-of-citizenship and

16   amount-in-controversy requirements applicable to class actions.  The diversity-of-

17   citizenship requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied because at

18   least one member of the putative Plaintiff class is a citizen of a State different from at

19   least one Defendant.  The diversity-of-citizenship requirement of 28 U.S.C. section

20   1332(d)(2)(B) is satisfied because at least one member of the putative Plaintiff class is

21   a citizen of a foreign state and Defendant is a citizen of two States.  The amount-in-

22   controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because the aggregate

23   alleged claims of the individual members of the putative class exceed the sum or

24   value of $5,000,000, exclusive of interest and costs. Removal jurisdiction under

25   CAFA was not apparent from the face of the initial complaint because the amount in

26   controversy was not alleged and also because the initial complaint did not allege the

27   citizenship (which is distinct from residence) of members of the putative Plaintiff

28

*DOLL AMIR & ELEY LLP*

1

DOLL AMIR & ELEY LLP

1  class.  The first pleading or "other paper" from which the total amount in controversy

2  was ascertainable was an e-mail sent on March 18, 2019, by counsel for Plaintiff to

3  counsel for HP, which represented that the amount in controversy exceeded

4  $5,000,000 (the "March 18, 2019 Letter").  *See* 28 U.S.C. § 1446(b)(3).  On or about

5  April 11, 2019, HP's investigation confirmed for the first time that at least one

6  member of the putative Plaintiff class is a citizen of either a State or foreign state

7  different than Defendant.

## BASIS FOR REMOVAL

9  4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§

10  1332, 1441, and 1446 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L.

11  109-2, 199 Stat. 4 (2005).[1]

12  5.     Under CAFA, a district court has original jurisdiction over any class

13  action in which: (1) the amount in controversy exceeds $5,000,000; (2) there is

14  minimal diversity, i.e., any member of a class of plaintiffs is a citizen of a State

15  different from any defendant; (3) the number of members of all proposed plaintiff

16  classes in the aggregate is greater than 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).

17  **Diversity of Citizenship**

18  6.     This action meets the CAFA minimal-diversity requirement.  The named

19  Plaintiff, Louis Hicks, is, and at all relevant times was, a resident of the state of

20  California.  (Complaint, ¶ 4.)

21  7.     Defendant HP Inc. is a corporation incorporated under the laws of the

22  State of Delaware, having its principal place of business in Palo Alto, California.

23  (Complaint, ¶ 5.)  Defendant HP Inc. is therefore a citizen of Delaware and

24  California.  *See* 28 U.S.C. § 1332(c)(1).

25

26

27  [1] The Class Action Fairness Act of 2005 is codified in 28 U.S.C. §§ 1332(d), 1453,

28  and 1711-1715.

2

DOLL AMIR & ELEY LLP

1    8.    The number of members of the proposed putative classes is greater than

2  100.  The Complaint alleges that, "The precise number of members in the Class is not

3  yet known to Plaintiff, but he estimates that it is well in excess of 1,000 people."

4  (Complaint, ¶ 53.)

5    9.    For purposes of determining diversity of citizenship, the court looks at

6  "all members in a class."  28 U.S.C. § 1332(d)(1)(A).  Here, the members of the

7  putative class are alleged to be "all persons who, while residing in California,

8  purchased a Purported USB 3.1 Laptop" (Complaint, ¶ 51), and thus can be citizens

9  of any state.  *King v. Great American Chicken Corp, Inc.*, 903 F.3d 875, 879 (9th Cir.

10  2018) ("A person's state of citizenship is established by domicile, not simply

11  residence, and a residential address in California does not guarantee that the person's

12  legal domicile was in California").  The requisite minimal diversity of citizenship

13  exists, pursuant to 28 U.S.C. section 1332(d)(2)(A), because at least one member of

14  the putative Plaintiff class is a citizen of a State different from HP.  In particular, at

15  least one member of the putative Plaintiff class is neither a citizen of California nor

16  Delaware, and is in fact domiciled in and a citizen of Pennsylvania.  The requisite

17  minimal diversity of citizenship also exists, pursuant to 28 U.S.C. section

18  1332(d)(2)(B), because at least one member of the putative Plaintiff class is a citizen

19  or subject of a foreign state, and HP is a citizen of two U.S. States. In particular, at

20  least one member of the putative Plaintiff class is a citizen of India.

21  **Amount in Controversy**

22    10    The amount placed in controversy by the averments of the Complaint

23  and the March 18, 2019 Letter (accepting such averments as "true" for this purpose

24  only) exceeds the $5,000,000, exclusive of interest and costs, required under Section

25  1332(d)(2) of CAFA.

26    11.    Plaintiff seeks, among other relief, "An award of compensatory damages

27  in the amount of the price premium paid. . . ."  (Complaint, Prayer for Relief, A.1.)

28

DEFENDANT HP INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY
AND CAFA REMOVAL)

DOLL AMIR & ELEY LLP

1  The March 18, 2019 Letter sets forth a specific dollar amount that represents the

2  settlement value of the price premium class members allegedly paid.  When the

3  amount specified in the March 18, 2019 Letter is multiplied by either the number of

4  units sold or potential putative class members, the total amount in controversy

5  exceeds $5,000,000.

6       12.    Therefore, the amount placed in controversy by the March 18, 2019

7  Letter exceeds the jurisdictional minimum of $5 million.  *See* 28 U.S.C. §

8  1332(d)(6)("In any class action, the claims of the individual class members shall be

9  aggregated to determine whether the matter in controversy exceeds the sum or value

10  of $5,000,000, exclusive of interest and costs.").

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL**

**HAVE BEEN SATISFIED.**

13       13.    <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. section 1446(a), HP is

14  filing this Notice of Removal in the United States District Court for the Northern

15  District of California, which is the federal district encompassing the state court where

16  the State Court Action is pending, which is the Superior Court of the State of

17  California for the County of Santa Clara.

18       14.    <u>Removal is Timely</u>.  This action has been removed in accordance with

19  the requirements of 28 U.S.C. section 1446(b).  Where, as here, "the case stated by

20  the initial pleading is not removable, a notice of removal may be filed within 30 days

21  after receipt by the defendant, through service or otherwise, of a copy of an amended

22  pleading, motion, order or other paper from which it may first be ascertained that the

23  case is one which is or has become removable[.]"  28 U.S.C. § 1446(b)(3).  Here,

24  removal jurisdiction under CAFA was not apparent from the face of the initial

25  complaint because the complaint did not specify the amount in controversy or the

26  citizenship of the putative class members.  On March 18, 2019, counsel for Plaintiff

27  sent an e-mail to counsel for HP attaching a settlement proposal which indicated that

28

4

DEFENDANT HP INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY
AND CAFA REMOVAL)

DOLL AMIR & ELEY LLP

1   the total amount in controversy exceeded $5,000,000.  This March 18, 2019 Letter

2   was the first "amended pleading, motion, order or other paper" from which HP could

3   ascertain that the case met the amount-in-controversy requirement.  HP promptly

4   removed the action within 30 days of receiving that e-mail, pursuant to 28 U.S.C.

5   section 1446(b).

6        15.    Pleadings and Process.  Pursuant to 28 U.S.C. section 1446(a), true and

7   correct copies of all of process, pleadings and orders served upon HP in the State

8   Court Action are attached as exhibits hereto.  A table of contents listing the exhibits

9   also is attached.

10       16.    HP's Consent to Removal Sufficient.  HP is the only defendant named in

11  this action.  Therefore, no further consent is required.  28 U.S.C. § 1453(b) (class

12  action may be removed by any defendant under CAFA).

13       17.    Notice.  Written notice of the filing of this Notice of Removal will be

14  promptly served upon counsel for Plaintiff.  HP also will promptly file a copy of this

15  Notice with the Clerk of the Superior Court of California, County of Santa Clara.

16  ///

17  ///

18  ///

19

20

21

22

23

24

25

26

27

28

DEFENDANT HP INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY
AND CAFA REMOVAL)

**CONCLUSION**

18.     By this Notice of Removal and the associated attachments, HP does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  HP intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses, motions and/or pleas.  HP prays that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that HP receive all additional relief to which it is entitled.

DATED:  April 16, 2019                    DOLL AMIR & ELEY LLP


By:  /s/ Hunter R. Eley_____
        GREGORY L. DOLL
        HUNTER R. ELEY
        CONNIE Y. TCHENG
        LLOYD VU
Attorneys for Defendant,
HP INC.

DOLL AMIR & ELEY LLP

DEFENDANT HP INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY AND CAFA REMOVAL)