1

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)

2
SETH A. SAFIER (State Bar No. 197427)
TODD KENNEDY (State Bar No. 250267)

3
100 Pine Street, Suite 1250
San Francisco, California 94111

4
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

5

6
Attorneys for Plaintiff

7
UNITED STATES DISTRICT COURT

8
NORTHERN DISTRICT OF CALIFORNA

9
SAN FRANCISCO DIVISION

10

11
| | |
|---|---|
| LOUIS HICKS, an individual, on behalf of himself, the general public, and those similarly situated, | CASE NO. 5:19-cv-02050-WHA |
| Plaintiff, | **PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | Date: June 13, 2019<br>Time: 8:00 am<br>Courtroom: 12 - 19th Floor<br>Judge:  Hon. William H. Alsup |
| HP, INC.,<br>Defendant. | **[REDACTED]** |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION FOR REMAND ............................................................iv

I.    INTRODUCTION ..........................................................................................................1

II.   BACKGROUND.............................................................................................................2

      A.   Plaintiff's Substantive Allegations.................................................................2

      B.   Procedural Background ...................................................................................2

III.  ARGUMENT .................................................................................................................4

      A.   Legal Standard ................................................................................................4

      B.   This Court Lacks Jurisdiction Over This Action............................................4

             1.   The Parties Are Not Minimally Diverse. ............................................4

             2.   The Local Controversy and Home State Exceptions to CAFA Apply. .............6

             3.   HP's Removal Is Untimely. ................................................................9

                    a.   At the latest, HP Was On Notice That The Amount in
                         Controversy Was Satisfied on May 18, 2018. ................................10

                    b.   HP's Determination of Minimal Diversity is Also Untimely. .............11

      C.   This Court Should Award Plaintiff $42,075 In Costs and Fees. ................................12

IV.   CONCLUSION..............................................................................................................13

1

## **TABLE OF AUTHORITIES**

2

### **CASES**

3

*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)..................................4

4

*Ambriz v. Luxury Imports of Sacramento Inc.*, No.C08-01004 JSW, 2008 U.S.

5
  Dist. LEXIS 91910 (N.D. Cal. May 5, 2008) .......................................................11

6

*Babasa v. Lenscrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007)........................................11

7

*Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000) .......12

8

*Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111 (9th Cir. 2015) ............................9

9

*Cortez v. McClatchy Newspapers, Inc.,* 2016 U.S.Dist.LEXIS 74315 (E.D.Cal.

10
  June 6, 2016, No. 2:15-cv-01891-TLN-EFB)..................................................7, 8

*Dead Kennedys v. Biafra*, 46 F.Supp.2d 102 (N.D. Cal. 1999)..................................12

11

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006)...........................10

12

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980) ..................................9

13

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .......................................................4

14

*Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)..........................10

15

*Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) ............................................................4

16

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015) .........................6

17

*In re Anthem, Inc.*, No. 15-CV-2873-LHK, 129 F. Supp. 3d 887, 2015 U.S. Dist.

18
  LEXIS 120916 (N.D. Cal. Sept. 9, 2015)..............................................................9

19

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001)....................................5

20

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983)............................5

21

*King v. Great Am. Chicken Corp.*, 903 F.3d 875 (9th Cir. 2018)................................6

22

*Krajca v. Southland Corp.*, 206 F. Supp. 2d 1079 (D. Nev. 2002)............................11

23

*Lopez v. Nationstar Mortg. LLC, No.* CV1503288MWFAJWX, 2015 U.S. Dist.

24
  LEXIS 145694 (C.D. Cal. Oct. 26, 2015)..............................................................5

*Molina v. Lexmark Int'l, Inc.*, 2008 U.S.Dist.LEXIS 83014 (C.D.Cal. Sep. 30,

25
  2008, No. CV 08-04796 MMM (FMx).................................................................11

26

*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880 (9th Cir. 2013) ......................5, 7

27

*Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) ...............12

28

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016) ...................................5

*Obrey v. Johnson*, 400 F.3d 691 (9th Cir. 2005) ........................................................... 7

*Pickman v. Am. Express Co.,* 2012 U.S.Dist.LEXIS 9662 (N.D.Cal. Jan. 27, 2012, No. C 11-05326 WHA) .......................................................................................... 10

*Quesada v. Herb Thyme Farms, Inc.*, No. CV 11-00016 ODW SSX, 2011 U.S. Dist. LEXIS 37697 (C.D. Cal. Mar. 28, 2011) .......................................................... 7

*Rodriguez v. Instagram, LLC,* 2013 U.S.Dist.LEXIS 98627 (N.D.Cal. July 12, 2013, No. C 12-06482 WHA) ........................................................................... 7

*Romo v. Panda Rest. Grp., Inc.*, No. CV 12-00996 GAF OPX, 2012 U.S. Dist. LEXIS 128689 ........................................................................................... 7, 8

*Rotenberg v. Brain Research Labs LLC*, No. C—09-2914 SC, 2009 U.S. Dist. LEXIS 91335 (N.D. Cal. Sept.15, 2009) ......................................................... 8

*Sanchez v. Ameriflight, LLC*, 724 F.App'x 524 (9th Cir. 2018) ................................... 5

*Vigil v. Irwin Naturals,* 2016 U.S.Dist.LEXIS 159602 (C.D.Cal. Nov. 17, 2016, No. LA CV16-04103 JAK (JCx) ........................................................................ 11

*Weight v. Active Network, Inc*., 29 F. Supp. 3d 1289 (S.D. Cal. 2014) ....................... 9

*Wickens v. Blue Cross of California, Inc*., No. 15CV834-GPC JMA, 2015 U.S. Dist. LEXIS 92143 (S.D. Cal. July 14, 2015) ......................................................... 9

*Zavala v. Deutsche Bank Tr. Co. Americas*, No. C 13-1040 LB, 2013 U.S. Dist. LEXIS 96719 (N.D. Cal. July 10, 2013) .............................................................. 5

## STATUTES

28 U.S.C. § 1332(d)(2) ................................................................................................. 4

28 U.S.C. § 1332(d)(2)(A) ........................................................................................... 4

28 U.S.C. § 1332(d)(4)(A) ........................................................................................... 6

28 U.S.C. § 1446(b) .................................................................................................. 1, 9

28 U.S.C. § 1447(c) ..................................................................................................... 12

28 U.S.C. § 1453(b) ...................................................................................................... 9

42 U.S.C. § 1442(b) .................................................................................................... 10

Cal Civ. Code §1782(c) ........................................................................................... 3, 10

iii

## NOTICE OF MOTION AND MOTION FOR REMAND

On June 13, 2019, at 8 a.m., in Courtroom 12 - 19th Floor of the United States District Court for the Northern District of California (San Francisco Division), Plaintiff Louis Hicks will, and hereby does, move to remand this action to the Superior Court for the State of California, County of Santa Clara, where it was originally filed. This motion is made pursuant to 28 U.S.C. § 1447(c). In addition to an order of remand, Plaintiff seeks an order requiring Defendant to pay $42,075 in fees and expenses that Plaintiff incurred as a result of Defendant's removal. This motion is made pursuant to 28 U.S.C. § 1447(c).

Plaintiff hereby certifies that this motion is made after meeting-and-conferring with Defendant. Specifically, Plaintiff sent Defendant a letter providing it with an opportunity to stipulate to remand this case, but it refused to do so.

This motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities, the accompanying Declaration of Seth A. Safier, Declaration of Dr. Jeanne Gobalet, as well as the pleadings and papers on file in this action and all matters of which this Court may take notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant HP, Inc. is headquartered in California. The plaintiff is a citizen of California, and he sues on behalf of a putative class of "All persons, natural or otherwise, who, *while residing in California,* purchased a Purported USB 3.1 Laptop." (Dkt. 1-2, ¶ 51 (emphasis added).) The case has been pending before Judge Walsh in Santa Clara Superior Court for more than *18 months*. Plaintiff is finalizing his motion for class certification, which is due in early June. No doubt aware that the requested class of California consumers would soon be certified, HP improperly filed a notice of removal. The case must be remanded for at least two reasons.

First, HP cannot overcome the local controversy and home state exceptions under the Class Action Fairness Act ("CAFA"), in that it cannot dispute that it and at least two-thirds of the proposed class members are citizens of California. Indeed, because the proposed class is limited to "California residents," its members are presumed to be citizens in the absence of contrary evidence. HP has provided *no evidence* that even one member of the putative class is a citizen of another state or country, and certainly no evidence that one third (or more) of the class members are foreign citizens. Prior to filing this motion, Plaintiff demanded that HP provide any such evidence; it refused. Plaintiff submits herewith expert testimony establishing that, at most, a tiny number of class members are non-citizens of California; other courts in this District have relied upon the same testimony, as well as common sense, to reject identical attempts by California-based defendants such as HP to invoke diversity jurisdiction under CAFA.

Second, removal is untimely. Under CAFA, a case must be removed "within thirty days after receipt…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendant falsely claims that the first such "paper" was a recent settlement demand for ██████████████████. In fact, the same █ demand was made in writing almost a year ago.

1

The case should be remanded, and HP should be ordered to pay the attorneys' fees and costs incurred by Plaintiff in filing this motion.

## II.    BACKGROUND

### A.    Plaintiff's Substantive Allegations

This case concerns HP's false representations about USB transfer speeds in a series of laptop computers. HP marketed the laptops as having "USB 3.1" ports capable of transferring data at rates of 5 gigabits (Gb) per second, which it denoted as "5Gb/s." In fact, the USB ports are capable of transferring data at rates ranging from only approximately 665 megabits/second (equal to 0.65 Gb/s) up to 1,231 megabits/second (equal to 1.2 Gb/s). These rates are only 13.3% to 24.6% as fast as the 5 Gb/s rate advertised.[1]

Plaintiff filed suit in Santa Clara Superior Court on October 11, 2017. He pled seven causes of action, all under California law: Fraud, Deceit, and/or Misrepresentation; Violation of the Consumer Legal Remedies Act; False Advertising; Negligent Misrepresentation; Unfair, Unlawful, and Deceptive Trade Practices; Breach of Implied Warranty; and Violation of the Song-Beverly Consumer Warranty Act. He seeks to represent a class of "All persons, natural or otherwise, who, while residing in California, purchased a Purported USB 3.1 Laptop." (Dkt.# 1-1, ¶ 51.)

### B.    Procedural Background

The same day he filed suit, Plaintiff sent HP a demand letter, pursuant to, inter alia, the California Legal Remedies Act, Cal. Civil Code §§1750, et seq. ("CLRA") and California's unfair competition law, Cal. Business and Professions Code §§17200, et seq. §§1750o, et seq. (Safier Decl., Ex. A.) In the letter, Plaintiff demanded that HP (i) identify all persons similarly situated to Plaintiff and (ii) notify all consumers so identified that upon their request, Defendant will *refund the price premium they paid* (i.e., the difference between the price consumers paid for the affected laptops and the price they would have paid but for Defendant's misrepresentations).

---

[1] In some of the laptops, HP compounded the misrepresentation by using the abbreviation "GB" which means gigabytes instead of gigabits; a gigabyte contains eight gigabits, so the advertised speed of 5GB/s would equate to 40Gb/s.

1

2

3

4

Plaintiff explained that, if HP failed to comply, Plaintiff would seek actual damages suffered, punitive damages, costs and attorneys' fees related to suit, and penalties of up to $5,000.00 for each incident where senior citizens have suffered substantial physical, emotional or economic damage resulting from Defendant's conduct. HP did not comply.

5

6

7

8

9

On May 8, 2018, Plaintiff sent HP a draft settlement agreement under the provisions of the CLRA, which put a precise dollar figure on the premium. (Safier Decl., Ex. B.) The agreement did not include a classwide release but did include payment terms to other affected class members, as contemplated by the CLRA settlement provisions in Civil Code section 1782(c).[2] Under the draft agreement,

10

. (Id., Ex. B.)

11

12

(Id.)

13

On March 18, 2019,

14

(Safier Decl., Ex. C.)

15

16

.

17

18

19

20

21

22

23

On April 19, 2019, three days after HP filed its notice of removal, Plaintiff wrote a letter to HP explaining its failure to meet the jurisdictional requirements under CAFA and discussing the cases that are cited in this motion. He asked HP stipulate to remand or provide evidence in support of its position. (Safier Decl., Ex. D.) He also stated that if HP refused to stipulate, he would seek fees and costs in connection with a motion to remand, as provided by 28 U.S.C. § 1447(c). (Id.) HP declined to provide any evidence of diversity of citizenship or any support for

24

25

26

27

28

[2] The CLRA prohibits class actions for CLRA damages when the Defendant can show that it has taken certain actions in response to a demand, including that "All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made [and] All consumers so identified have been notified that upon their request the person shall make the appropriate correction, repair, replacement, or other remedy of the goods and services." Cal. Civ. Code § 1782(c).

its contention that it had only recently learned of the ███ per class member amount in controversy. (Id., Ex. E.)

## III. ARGUMENT

### A. Legal Standard

HP removed this case pursuant to 28 U.S.C. § 1441, claiming that this Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2). CAFA allows for federal jurisdiction over a purported class action when (1) there is an amount in controversy exceeding $5,000,000; (2) at least one putative class member is a citizen of a state different from defendant; and (3) the putative class exceeds 100 members.[3] 28 U.S.C. § 1332(d)(2). Removal under CAFA must occur "within thirty days after receipt…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b).

When jurisdictional allegations are challenged, the party who bears the burden of establishing jurisdiction must support its allegations "by competent proof." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194-95 (2010). "[T]he burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). A "defendant cannot establish removal jurisdiction by mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. This Court Lacks Jurisdiction Over This Action

#### 1. The Parties Are Not Minimally Diverse.

Under CAFA, the relevant inquiry for determining whether minimal diversity exists is the citizenship of the parties. *See* 28 U.S.C. § 1332(d)(2)(A). HP argues that minimal diversity exists because, on April 11, it discovered "at least one member of the putative Plaintiff class is a citizen

---

[3] Plaintiff does not dispute that the putative class, as defined, exceeds more than 100 members.

of a State different than HP." It specifies: "at least one person of the putative Plaintiff class" is "in fact domiciled in and a citizen of Pennsylvania" and "at least one member of the putative Plaintiff class is a citizen of India." HP, however, provides no proof, let alone any explanation, to support this assertion.

It is true that the putative class is comprised of California "residents," and that "residency" is not necessarily synonymous with "citizenship," because citizenship also requires that the person intend to continue to reside in (i.e., be "domiciled" in) the state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (holding to establish citizenship for diversity purposes, a natural person must be domiciled in a particular state); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that persons are domiciled in the places they reside with the intent to remain or to which they intend to return.) Nevertheless, it is HP's burden to *prove* that the proposed class contains non-citizens, because a person's residence is prima facie evidence of his domicile and thus of citizenship. *See, e.g., NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("[T]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.") (*citing Anderson v. Watt*, 138 U.S. 694, 706 (1891)); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (same); *Lopez v. Nationstar Mortg. LLC, No.* CV1503288MWFAJWX, 2015 U.S. Dist. LEXIS 145694, at *2 (C.D. Cal. Oct. 26, 2015) ("Plaintiff alleges in the FAC that his primary place of residence is in Diamond Bar, California. In the absence of evidence to the contrary, Plaintiff is considered a citizen of California for federal diversity purposes."); *Zavala v. Deutsche Bank Tr. Co. Americas*, No. C 13-1040 LB, 2013 U.S. Dist. LEXIS 96719, at *3 (N.D. Cal. July 10, 2013) ("[T]he complaint indicates that [plaintiff] resides in California. A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.") (*citing State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994)). Despite repeated opportunities, HP fails to meet this burden. *See, e.g., Sanchez v. Ameriflight, LLC*, 724 F.App'x 524, 526 (9th Cir. 2018) (remanding case where Ameriflight failed to carry its burden of establishing minimal diversity with at least one putative class member

as none of the declarations relied on by Ameriflight identify any specific putative class member that was diverse from Ameriflight as of the date the suit was commenced); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (noting that a "defendant cannot establish removal jurisdiction by mere speculation and conjecture").

### 2. The Local Controversy and Home State Exceptions to CAFA Apply.

Even if HP could establish minimal diversity, CAFA's local controversy and home state exceptions would apply. Under the local controversy exception, a district court shall decline to exercise jurisdiction over a class action in which: (1) more than two-thirds of all proposed members of the class are citizens of the filing state; (2) at least one defendant from whom significant relief is sought by the class and whose alleged conduct forms a significant basis for the claim of the class is a citizen of the filing state; (3) the principal injuries resulting from the alleged conduct or related conduct were incurred in the filing state; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. *See* 28 U.S.C. § 1332(d)(4)(A). Under the home state exception, a court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B). All requirements of both exceptions are met here.

**One**, by definition, class members purchased the subject HP laptop computers while "residing in California." Although it is Plaintiff's burden to prove the local controversy exception applies, he has done so, because "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon*, 736 F.3d at 885. Further, the Ninth Circuit has invariably held that the "burden of proof placed upon a plaintiff should not be exceptionally difficult to bear," and that "[a]s a general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception under CAFA, as well." *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878-879 (9th Cir. 2018).

Beyond the presumption of continuing domicile, Plaintiff has submitted herewith the declaration of Dr. Jeanne Gobalet, a demographer, to demonstrate that well in excess of two-thirds of class members are citizens of California. Based on close to three decades experience with, inter alia, demographic research, migratory patterns, and, most importantly, common sense, Dr. Gobalet concludes that, at most, a few percent of putative class members are citizens of other states or countries. (Gobalet Decl., ¶¶ 3, 11-12.) This falls well short of the more than 1/3 that is required for this Court to exercise jurisdiction under CAFA. *See Mondragon*, 736 F.3d at 885. Similar testimony has been held sufficient to carry Plaintiff's burden. *See, e.g., Cortez v. McClatchy Newspapers, Inc.,* 2016 U.S.Dist.LEXIS 74315, at *17-18 (E.D.Cal. June 6, 2016, No. 2:15-cv-01891-TLN-EFB) (relying on Dr. Gobalet's declaration and plaintiff's commonsense argument to remand case); *see also Romo v. Panda Rest. Grp., Inc*., No. CV 12-00996 GAF OPX, 2012 U.S. Dist. LEXIS 128689, at *4 (finding the home state exception was supported by a statistical analysis which included data from the American Community Survey); *cf. Obrey v. Johnson*, 400 F.3d 691, 695 (9th Cir. 2005) (stating "[a] statistical study may fall short of proving the plaintiff's case, but still remain relevant to the issues in dispute").

Against this backdrop, HP must establish that more than a third of the putative class, though California residents at the time of the purchase, were domiciled elsewhere. HP has not met (and cannot meet) this burden, because it defies logic and common sense. *See, e.g., Rodriguez v. Instagram, LLC,* 2013 U.S.Dist.LEXIS 98627, at *7 (N.D.Cal. July 12, 2013, No. C 12-06482 WHA) ("This order finds that a consumer class defined as California residents is, by and large, a class of California domiciles and that the aberrated case wherein a California resident is domiciled elsewhere is so rare as to fall far short of the one-third needed to defeat the exception.") As stated by this Court in *Rodriguez*: "The idea that at least one-third of all California residents claim a domicile elsewhere is fanciful. This order holds that for a class of consumers residing in California, at least two out of three are also California citizens." *Id.*; *see also Quesada v. Herb Thyme Farms, Inc*., No. CV 11-00016 ODW SSX, 2011 U.S. Dist. LEXIS 37697, at *4 (C.D. Cal. Mar. 28, 2011) ("Plaintiff defines the class as '[a]ll persons within the state of California who purchased HerbThyme fresh herbs sold as 'Fresh Organic' but which

included some portion of conventionally grown herbs' ... Such definition indicates that Plaintiff's proposed class is limited to purchasers within California"); *Rotenberg v. Brain Research Labs LLC*, No. C—09-2914 SC, 2009 U.S. Dist. LEXIS 91335, at *2-3 (N.D. Cal. Sept.15, 2009) (finding that a complaint asserting claims "only on behalf of California purchasers" and "only of behalf of California residents" led to the conclusion that the home state exception was satisfied); *Romo*, 2012 U.S. Dist. LEXIS 128689, at *4 (C.D. Cal. Sept. 7, 2012) (stating "[C]ourts in this Circuit have not shied from making common sense judgments as to the citizenship of purported class members."); *Cortez*, 2016 U.S.Dist.LEXIS 74315, at *17-18 (remanding case and citing to expert declaration establishing, as here, that more than 90 percent of persons living in California still lived in that state in 2014 and concluding that "it is extremely unlikely that at least one third of [Defendant's] newspaper subscribers who subscribed to papers while California residents no longer reside within California."); *Haynes v. EMC Mortg. Corp*. (N.D.Cal. Apr. 12, 2010, No. C 10-00372 WHA) 2010 U.S.Dist.LEXIS 46436, at *9 (remanding case under CAFA's local controversy exception, stating "By definition of proposed classes [i.e., all persons owning property in California], it is clear that greater than two-thirds of the member of all proposed plaintiff classes are California citizens. Plaintiff has carried his burden of proof on this element.")

HP's removal petition itself underscores the absurdity of its argument. Out of millions of purchasers, HP has cited at best *two* un-indentified putative class members who are possibly citizens of a different state or country. That falls far short of what would be required to defeat the "local nature" of this litigation.[5]

Finally, should this Court desire additional clarity on this issue, Plaintiff requests leave to obtain discovery from HP, as it has admitted that it maintains contact information for putative

---

[5] Other district courts have held that where plaintiff's own characterizations demonstrate the action's local nature, no further discovery or proof is necessary. *See, e.g., Elsea v. Jackson County, Mo*., No. C 10-0620-ODS, 2010 U.S. Dist. LEXIS 114689, at *4 (W.D. Mo. Oct. 28, 2010) (Judge Ortrie Smith); *Joseph v. Unitrin, Inc*., No. C 08-077-MAC, 2008 U.S. Dist. LEXIS 617262008, at *6 (E.D. Tex. Aug. 12, 2008) (Judge Marcia Crone); *Dunham v. Coffeyville Res., LLC*, No. C 07-1186-JTM, 2007 U.S. Dist. LEXIS 82606, at *3 (D. Kan. Nov. 6, 2007) (Judge Thomas Marten); *Mattera v. Clear Channel Commc'ns, Inc*., 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (Judge Denny Chin).

class members. (Safier Decl., Ex. F.) Alternatively, Plaintiff requests leave to amend the complaint to clarify that the class is defined to include only California citizens. The Ninth Circuit's has held that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). In the wake of that holding, several courts in this circuit have permitted plaintiffs to clarify that their class definitions include state "citizens" rather than "residents," thereby negating CAFA jurisdiction. *See In re Anthem, Inc.*, No. 15-CV-2873-LHK, 129 F. Supp. 3d 887, 2015 U.S. Dist. LEXIS 120916, at *7 (N.D. Cal. Sept. 9, 2015); *Wickens v. Blue Cross of California, Inc.*, No. 15CV834-GPC JMA, 2015 U.S. Dist. LEXIS 92143, at *5 (S.D. Cal. July 14, 2015); *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014).

**Two**, there is a single defendant in this case. HP admits that it is a citizen of California. (Dkt.# 1, p. 2.)

**Three**, all of the alleged injuries and wrongful conduct occurred in California. As discussed, this is a California only class. All purchases were made by California residents. All claims are made under California law. Moreover, all of HP's wrongful acts are alleged to have occurred in (or emanated from) California. (Dkt.# 1.) This prong is easily met.

**Fourth**, *during the three-year period preceding the filing of this case*, Plaintiff is unaware of any other class action that has been filed asserting the same or similar factual allegations against any HP on behalf of the same or other persons. (Safier Decl., ¶ 8.)

### 3. HP's Removal Is Untimely.

While CAFA eliminated the one-year statute of limitations for removal in 28 U.S.C. § 1446(b), *see* 28 U.S.C. § 1453(b), it did not alter the requirement that defendants must file a "notice of removal . . . within thirty days after receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980) (untimely removal results in remand). Under section 1446(b), there are

accordingly "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (internal quotation marks omitted); *see also* § 1446(b). For the party avoiding federal jurisdiction to start the clock, it must affirmatively reveal facts that give notice to possible federal subject matter jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *Harris*, 425 F.3d at 695.

**a.    At the latest, HP Was On Notice That The Amount in Controversy Was Satisfied on May 18, 2018.**

It is undisputed that Defendant did not file a notice of removal within 30 days of receipt of the initial complaint. Thus, removal was timely only if it was filed within 30 days of receipt of some other "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 42 U.S.C. § 1442(b).

HP argues that it first ascertained the amount in controversy from the March 18, 2019 settlement letter from Plaintiff. It contends that this was the first "paper" that set forth a "specific dollar amount that represents the settlement value of the price premium class members allegedly paid." HP is mistaken. The *identical* "settlement value of the price premium class members allegedly paid" was set forth in a written settlement demand nearly a year earlier: $



. *See* Cal Civ. Code §1782(c). HP completely ignores the earlier demand in its removal papers and provided no explanation when challenged in the correspondence that led to this removal motion. (Safier Decl., Exs. D, E; ¶ 6.)

The May 2018 demand, particularly when combined with the even earlier October 2017 CLRA notice letter, was sufficient to put HP on notice that the amount in controversy was satisfied. *See Pickman v. Am. Express Co.,* 2012 U.S.Dist.LEXIS 9662, at *5 (N.D.Cal. Jan. 27, 2012, No. C 11-05326 WHA) (holding the amount in controversy is satisfied by multiplying the minimum amount of damages to be sought under the CLRA ($1,000) by the number of alleged violations (5,001); *see also Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007) (*citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Ambriz v. Luxury Imports of Sacramento Inc.*, No.C08-01004 JSW, 2008 U.S. Dist. LEXIS 91910, at *2 (N.D. Cal. May 5, 2008) ("Because Chase failed to remove this action within thirty days of receiving the settlement demand letter, Chase's removal was untimely"); *Krajca v. Southland Corp.*, 206 F. Supp. 2d 1079, 1081-82 (D. Nev. 2002) ("[T]he Ninth Circuit decision in *Cohn v. Petsmart, Inc*. clarified the law with respect to the use of settlement letters as probative of the amount in controversy"). "Although a defendant need not investigate facts outside the pleadings and litigation papers to determine removability, this does not mean that it can avoid making simple calculations using objective facts contained within those pleadings and papers to ascertain the amount in controversy." *Molina v. Lexmark Int'l, Inc.*, 2008 U.S.Dist.LEXIS 83014, at *70 (C.D.Cal. Sep. 30, 2008, No. CV 08-04796 MMM (FMx)).

**b.    HP's Determination of Minimal Diversity is Also Untimely.**

HP additionally claims that it first determined on April 11, 2019, that at least two class members were citizens of states other than California or Delaware. But it does not even attempt to tie this discovery to some "other paper" that would have restarted the 30-day clock. No change has been made to the proposed class definition. Thus, HP has no basis to claim that there is new information about citizenship that provides a basis to remove.

A recent case is instructive. In *Vigil v. Irwin Naturals,* 2016 U.S.Dist.LEXIS 159602 (C.D.Cal. Nov. 17, 2016, No. LA CV16-04103 JAK (JCx)), defendant similarly argued that, approximately 16-months after the initial pleading, "it first determined that there was minimal diversity because at least two putative class members were citizens of states other than California

1    and Nevada." *Id.*, at *8. The court found not credible defendant's "assertion that it did not know

2    sooner that putative class members were citizens of states other than Nevada and California." *Id.*,

3    at *16. It also found the basis stated for defendant's delayed removal was not made in good faith.

4           This case is even more egregious. Unlike in *Vigil*, where defendant at least attempted to

5    explain its discovery and why did not previously known that the parties were minimally diverse,

6    HP made no such effort. Indeed, HP just ignored the issue even after Plaintiff brought it to HP's

7    attention in the pre-motion correspondence.[6] (Safier Decl., Exs. D & E; ¶ 6.)

8           **C.     This Court Should Award Plaintiff $42,075 In Costs and Fees.**

9           The removal statute requires the removing party to pay costs and any actual expenses,

10   including attorneys' fees, incurred as a result of an improper removal. *See* 28 U.S.C. § 1447(c);

11   *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). The purpose of an

12   award of fees and costs is not to punish the removing party but instead to reimburse the other

13   party for costs incurred as a result of the unnecessary removal, *Moore,* 981 F.2d at 447, and to

14   discourage improper removal.  In so doing, the fee-shifting provision fulfils the same purpose as

15   the former requirement that the removing party post a "removal bond." *Dead Kennedys v. Biafra*,

16   46 F.Supp.2d 1028, 1030 (N.D. Cal. 1999). Even if the Court finds the removal was "fairly

17   supportable," an award of costs and fees is appropriate when the removal was "wrong as a matter

18   of law." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106, n.2 (9th Cir. 2000).

19   Bad faith need not be shown. *Id.* at 1106, n.2; *Moore*, 981 F.2d at 446.

20          Here, the removal is not fairly supportable. To the contrary, it is thinly veiled effort at

21   delay. *See FIA Card Servs., N.A. v. McComas*, 2010 U.S. Dist. LEXIS 127467 (S.D. Cal. Dec. 2,

22   2010) (awarding fees where the law on issue of removal jurisdiction was long settled).

23

24

25   _____

     [6] HP is not permitted to argue that some putative class members moved during the litigation. *See*
26   *Sanchez*, 724 F.App'x 524, 525-526 (holding a post-filing change in citizenship cannot cure the
     original defect in diversity jurisdiction) (*citing Grupo Dataflux v. Atlas Global Group, L.P.*, 541
27   U.S. 567, 570-74 (2004) ("To our knowledge, the Court has never approved a deviation from the
     rule articulated by Chief Justice Marshall in 1829 that '[w]here there is no change of party, a
28   jurisdiction depending on the condition of the party is governed by that condition, as it was at the
     commencement of the suit.'")

Although bad faith is not required, it has been demonstrated in this case. The removal followed directly from the recent finalization of the class certification schedule. (Safier Decl., ¶ 9.) And Defendant persisted in its removal even after receiving a letter from Plaintiff's counsel citing the cases discussed in this brief. (Id., Exs. D &E; ¶ 6.)

In determining whether to award fees, the Court must balance twin goals:  a) deterring the use of removal to unnecessarily delay or extract resources from one's opponent, and b) not deterring the reasonable exercise of a right to remove in appropriate cases. *See Martin*, 546 U.S. at 140-141. The balance here tips heavily in favor of awarding fees and costs to deter conduct such as Defendant's. Plaintiff seeks $42,075 in attorneys' fees and costs. (Id., ¶ 10.)

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court (1) remand this case to the Superior Court of the State of California, County of Santa Clara and (2) order Defendant to pay Plaintiff's costs, including attorneys' fees in the amount of $42,075.

Dated:  May 8, 2019                 GUTRIDE SAFIER LLP

_____
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
100 Pine Street, Suite 1250
San Francisco, California 94111

Attorneys for Plaintiff

1

**PROOF OF SERVICE**

2

I, Seth A. Safier, declare:

3

My business address is 100 Pine Street, Suite 1250, San Francisco, California.  I am

4

employed in the County of San Francisco, where this mailing occurs.  I am over the age of 18
years and not a party to the within cause.

5

On May 8, 2019, I served the following documents:

6

7

**ADMINISTRATIVE MOTION TO SEAL;**

8

**[SEALED] PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

9

10

**[SEALED] DECLARATION OF SETH A. SAFIER IN SUPPORT OF MOTION TO
REMAND ACTION TO STATE COURT;**

11

**[REDACTED] PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

12

13

**[REDACTED] DECLARATION OF SETH A. SAFIER IN SUPPORT OF MOTION TO
REMAND ACTION TO STATE COURT; AND**

14

15

**DECLARATION OF JEANNE GOBALET, PHD IN SUPPORT OF MOTION TO
REMAND ACTION TO STATE COURT**

16

on the following person(s) in this action by placing a true copy thereof as follows:

17

18

Hunter Eley
Doll Amir Eley

19

1888 Century Park East, Suite 1850
Los Angeles, CA 90067

20

heley@dollamir.com

21

[x]      BY ELECTRONIC MAIL.  I caused said documents to be transmitted by
electronic mail to the email address indicated after the address(es) via ECF.

22

23

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct and that this document was executed on May 8, 2019, at San Francisco,
California.

24

/S/ SETH A. SAFIER/S/

25

_____

26

Seth A. Safier, Esq.

27

28

14